# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SCP DISTRIBUTORS LLC,<br><br>           Plaintiff,<br><br>v.<br><br>DUTCH BARN, LLC,<br>COURTNEY SCHILD, and<br>THERESA SCHILD,<br><br>           Defendants. | Case No.: |

## COMPLAINT

Plaintiff, SCP Distributors LLC ("Plaintiff"), by undersigned counsel, and for its Complaint against Defendants, Dutch Barn, LLC ("Dutch"), and Courtney Schild and Theresa Schild ("Guarantors", and together with Dutch, "Defendants"), states as follows:

## INTRODUCTION

1. This is a refiled matter which involves the Defendants' failure to pay Plaintiff for pool supplies and goods Defendants received and retained.

2. The parties had settled their initial dispute by entering into a written settlement agreement. However, Defendants have failed to make the required payments and, following notice, have failed to remedy their defaults.

## PARTIES

3. Plaintiff is a limited liability company organized under the laws of Delaware with its principal place of business located at 109 Northpark Blvd Covington, Louisiana 70433.

1

154161303

4. Pool Corporation ("Pool Corp.") is the sole member and 100% owner of Plaintiff. Pool Corp. is a corporation organized under the laws of Delaware with a principal place of business located at 109 Northpark Blvd Covington, Louisiana 70433.

5. Dutch Barn, LLC is an Illinois limited liability company with a principal place of business of 22013 S. Schoolhouse Road, New Lenox, Il 60451.

6. Upon information and belief, Theresa Schild is a resident and citizen of Illinois, with a residence of 1211 Georgia Way, New Lenox, IL 60451, and a member and/or manager of Dutch.

7. Upon information and belief, Courtney Schild is a resident and citizen of Illinois, with a residence of 1211 Georgia Way, New Lenox, IL 60451, and a member and/or manager of Dutch.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 in that there is diversity of citizenship between Plaintiff and the Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b)(2) because a substantial portion of the facts giving rise to this action occurred in this District. More specifically, Defendants maintain their business in and around Will County.

## FACTS

10. Dutch entered into a Business Application and Agreement with Plaintiff for the purchase of certain pool supplies and/or equipment (the "Agreement"), a true and correct copy of which is attached hereto as Exhibit A.

154161303

11. In connection with Plaintiff agreeing to sell goods to Dutch, and as further consideration for Plaintiff entering into the Agreement, Guarantors executed and delivered to Plaintiff a Personal Guarantee, in which each unconditionally guaranteed payment of Dutch's obligations as defined therein. *See,* Ex. A at p. 2.

12. The Agreement also provides that upon default:

> Buyer agrees to pay Seller all costs and expenses of collections, including actual costs of a third party collector/collection agency, and suit or other legal action, including actual attorney's fees, whether incurred pre-suit, through trial, on appeal, and all costs of execution of any judgment rendered against Buyer or in any administrative proceedings brought by Buyer or on its behalf.

*See,* Ex. A at p. 4, ¶7.

13. Plaintiff provided certain goods to Defendants pursuant to the Agreement.

14. However, Defendants failed to make full payment to Plaintiff as required by the Agreement, including payment by the Guarantors as required pursuant to the Personal Guarantees.

15. On January 30, 2024, Plaintiff filed suit against Defendants in case number 24-CV-00817.

16. Thereafter, the parties engaged in settlement negotiations and ultimately entered into a Forbearance and Settlement Agreement (the "Settlement Agreement"), a true and correct copy of which is appended as Exhibit B.

17. Pursuant to the Settlement Agreement, Defendants agreed to pay $411,039.37 pursuant to a schedule requiring monthly payments of $11,417.76. Plaintiff also agreed to continue selling product to Defendants.

18. In the event of a default under the Settlement Agreement, Plaintiff was required to give Defendants notice and an opportunity to cure.

19. Defendants failed to make the monthly payments for August and September, 2025.

20. Plaintiff caused a notice of default to be sent to Defendants. *See*, Exhibit C.

21. Defendants have not remedied the defaults.

## COUNT ONE
## BREACH OF CONTRACT
### (AGAINST DUTCH)

22. Plaintiff realleges the allegations contained in paragraphs 1 through 1-21 above as if fully set forth herein.

23. Dutch entered into the Settlement Agreement with Plaintiff which allowed Dutch to pay the settlement amount over time. Plaintiff also agreed that Dutch could make purchases in accordance with the Agreement for the purchase of certain goods.

24. Dutch did not tender the monthly payments due under the Settlement Agreement for August and September 2025, nor did it pay for all the goods it purchased as required under the Agreement and the Settlement Agreement.

25. Despite demand for payment, Dutch has failed to make full payment as required by the Agreement and the Settlement Agreement.

26. As a result of Dutch's failure to pay, Plaintiff has suffered damages.

27. Accordingly, after allowing Dutch any set offs and credits, Plaintiff is entitled to an award of damages in the amount of $260,711.13 for breach of the Settlement Agreement and $11,391.52 for goods ordered but not paid for, plus accrued interest, costs, and reasonable attorney's fees incurred in this case.

## COUNT TWO
## BREACH OF CONTRACT
### (PERSONAL GUARANTEES)
### (AGAINST COURTNEY AND THERESA SCHILD)

28. Plaintiff realleges the allegations contained in paragraphs 1-21 above as if fully set forth herein.

29. Dutch entered into the Agreement with Plaintiff for the purchase of certain goods after they entered into the Settlement Agreement.

30. The Agreement included the Personal Guarantees of Courtney and Theresa Schild in which they each unconditionally, jointly and severally, guaranteed Dutch's obligations to Plaintiff.

31. Plaintiff provided the goods as required by the Agreement and otherwise abided by the terms of the Agreement and the Settlement Agreement.

32. Dutch breached the Agreement with Plaintiff by, *inter alia*, failing to make the payments due under the Settlement Agreement and failing to pay Plaintiff the full amounts for the goods purchased as required under the Agreement.

33. Courtney and Theresa Schild breached their Personal Guarantees by, *inter alia*, failing to pay Plaintiff the full amounts owed by Dutch.

34. Despite demand for payment, Courtney and Theresa Schild have failed to make full payment as required by the Personal Guarantees.

35. As a result of the Guarantors' failure to pay, Plaintiff has suffered damages.

36. Accordingly, Plaintiff is entitled to an award of damages in the principal amount of $272,102.65, plus accrued interest, costs, and reasonable attorney's fees incurred in this case.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, SCP Distributors LLC, prays for the following relief:

1. Judgment in favor of Plaintiff and against Defendants, jointly and severally, in the principal amount of $272,102.65;

2. Awarding Plaintiff interest and its reasonable attorneys' fees and costs incurred and to be incurred by Plaintiff in connection with the enforcement of its remedies under the Agreement, including, without limitation: (i) all pre-judgment and post-judgment

attorneys' fees and costs; (ii) accruing interest to the date of entry of judgment; (iii) post-judgment interest at the applicable rate; (iv) late fees; and (v) all other amounts due to Plaintiff under the Agreement, the Settlement Agreement, and applicable law; and

3. For such other and further relief as the Court determines is just and appropriate.

Dated: October 7, 2025.

SCP Distributors LLC

By: */s/ Brett Berman*
Brett Berman, Esq. (6320159)
Marc Smith, Esq. (6189574)
Fox Rothschild LLP
321 North Clark Street, Suite 1600
Chicago, Illinois 60654
(312) 517-9200
bberman@foxrothschild.com
mcsmith@foxrothschild.com
*Attorneys for Plaintiff*
*SCP Distributors LLC*

154161303